# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FAYE R. HOBSON,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-1221-17-0203-W-2 |
| 　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DATE: August 30, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Faye R. Hobson</u>, Clarksville, Tennessee, pro se.

<u>Melissa Martinez</u>, Esquire, and <u>John S. Chamblee</u>, Esquire, Peachtree City, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to further address the contributing factor criterion of the appellant's jurisdictional burden, we AFFIRM the initial decision.

¶2    On petition for review, the appellant presents a number of arguments that we find unavailing.[2]  For example, she asserts that this appeal should have been handled by the Board's Atlanta Regional Office, rather than the Central Regional Office, and that the administrative judge should have ordered sanctions against the agency for its responses, or lack thereof, in this appeal. *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-17-0203-W-2, Petition for Review (PFR) File, Tab 1 at 1, 6. But she has not shown how the assignment of her appeal to the Board's Central Regional Office in Chicago, the office that

---

[2] In her reply to the agency's response to her petition for review, the appellant argues that the agency's response was untimely filed. *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-17-0203-W-2, Petition for Review (PFR) File, Tab 4. This argument is misplaced. The deadline for the agency to respond to the appellant's petition for review was April 16, 2023, but that day was a Sunday, and the Board's regulations provide that, in such circumstances, the pleading is due on the next business day. 5 C.F.R. § 1201.23. The agency's response was filed on April 17, 2023, and thus it was timely filed and we have considered it. PFR File, Tab 3.

After the close of the record on review, on August 27, 2024, the appellant filed a motion requesting a status conference regarding this appeal. PFR File, Tab 7. As the Board's regulations do not provide for status conferences during petition for review proceedings, the appellant's motion is denied.

handled her earlier appeals, was improper and, even if it was improper, how the assignment decision affected her substantive rights.[3]  *See, e.g.*, *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).  Regarding the agency's response to her refiled appeal, the agency filed its response by the date set by the administrative judge in a status conference.  *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-17-0203-W-2, Refiled Appeal File (W-2 AF), Tabs 5, 14-19.  To the extent that the administrative judge changed the deadline for the agency response, the appellant has not shown that the administrative judge abused his discretion.  *See, e.g.*, *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 9 (discussing the abuse of discretion standard and an administrative judge's wide discretion regarding sanctions).  The appellant also invokes prior equal employment opportunity (EEO) activity, disability and age discrimination, and letters she has written to entities ranging from Congress to the United Nations, all without clearly articulating why these matters are relevant to the instant IRA appeal.  PFR File, Tab 1 at 5-6; *see Gabel v. Department of Veterans Affairs,* 2023 MSPB 4, ¶¶ 5, 8 (recognizing the limited scope of IRA appeals, including the limitation that the Board only has IRA jurisdiction over EEO activity covered by 5 U.S.C. § 2302(b)(9)(A)(i), meaning it seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8)).

¶3      Additionally, the appellant challenges the Board's prior decision in this case, which denied her petition for review of an initial decision dismissing the appeal without prejudice for later refiling, but that decision is final.  PFR File, Tab 1 at 6; *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-17-0203-W-1, Final Order (Oct. 6, 2022).  Because the initial decision is final, there

---

[3] The Board routinely reassigns appeals between regional offices for a number of reasons, including workload balance and to have appeals heard by the office that adjudicated related appeals.  The appellant has pointed to nothing that precludes such routine administrative actions.

is no basis for the appellant to challenge the previous decision before the Board. The appellant also argues that the administrative judge was biased and should have recused himself. PFR File, Tab 1 at 7-8. However, we are not persuaded as the appellant has not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Baker v. Social Security Administration*, 2022 MSPB 27, ¶ 20 (discussing the standards for a claim of bias, including the presumption of honesty and integrity that accompanies administrative adjudicators).

¶4        To establish jurisdiction in an IRA appeal such as this, the appellant's burden includes presenting nonfrivolous allegations that (1) she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Gabel*, 2023 MSPB 4, ¶ 5 n.3. As the U.S. Court of Appeals for the Federal Circuit put it: "[T]he question of whether the appellant has non-frivolously alleged protected disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.*, ¶ 5 (quoting *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020)).

¶5        To the extent that the appellant alleged that the personnel actions at issue in this IRA appeal were reprisal for disclosures about the special education program made during the 2005-2006 school year, the administrative judge found that the appellant failed to nonfrivolously allege that those disclosures were protected. W-2 AF, Tab 31, Initial Decision (ID) at 7, 9-13. To the extent that the appellant separately alleged that the personnel actions were reprisal for a prior complaint to the Office of Special Counsel (OSC) and a related Board appeal, the administrative judge found that the appellant failed to present nonfrivolous allegations for the contributing factor criterion. ID at 7, 13-16.

<u>The appellant failed to present nonfrivolous allegations that she made protected disclosures that were a contributing factor to any personnel action at issue in this appeal.</u>

¶6      Although the administrative judge found that the appellant did not present the requisite nonfrivolous allegations of a protected disclosure, we modify the initial decision to further find that the appellant failed to present nonfrivolous allegations that her alleged disclosures—ones from the 2005-2006 school year about a special education program—were a contributing factor in the disputed personnel actions at issue in this IRA appeal, which occurred in 2015 and 2016. In order to meet the contributing factor jurisdictional element, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected whistleblowing was one factor that tended to affect the personnel action in any way. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 22 (2010). One way that the appellant may do this is through the knowledge/timing test, by nonfrivolously alleging that the official taking the personnel action knew of the whistleblowing and that the personnel action occurred within a period of time such that a reasonable person could conclude that the whistleblowing was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Chambers*, 2022 MSPB 8, ¶ 14. But the knowledge/timing test is not the only way to demonstrate the contributing factor element. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The Board will also consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

¶7      In this case, the appellant's alleged disclosures occurred about 10 years before the disputed personnel actions. Therefore, the knowledge/timing test is not satisfied. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 21 (2013)

(explaining that a lapse of more than 2 years between whistleblowing and the alleged retaliatory personnel action is too great to satisfy the knowledge/timing test). Furthermore, we found no instance in which the appellant has alleged, either before the administrative judge or on review, that her 2005-2006 disclosures were directed toward the officials responsible for the 2015-2016 personnel actions at issue in this appeal or that those individuals had a motive to retaliate against her based on the same, nor has she directed the Board's attention to any other circumstantial evidence that would support a finding that those disclosures were a contributing factor in those personnel actions. *See Dorney*, 117 M.S.P.R. 480, ¶ 15.

¶8      The absence of any substantive and significant explanation of why the appellant might believe that her 2005-2006 disclosures were a contributing factor to the 2015-2016 personnel actions is especially notable given the passage of time, but also the appellant's employment history, which spanned the globe. By all accounts, she worked in Kentucky, Guam, and Korea during the relevant period. *E.g.*, *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-17-0203-W-1, Initial Appeal File (IAF), Tab 1 at 1, 39-40, 52; W-2 AF, Tab 14 at 7-8. It seems that her disclosures concerned Barkley Elementary School at Fort Campbell, Kentucky, where she worked in 2005-2006. IAF, Tab 9 at 3. But the three personnel actions at issue in this appeal occurred while she worked elsewhere, and involved different schools. The 2015 nonselection she challenges involved a vacancy at Wassom Middle School at Fort Campbell, *id*. at 4, the 2016 denial of a reassignment request occurred while she was working at Humphreys High School in Korea, IAF, Tab 10 at 6-7, and the 2016 reprimand involved the appellant's alleged discourteous behavior surrounding the reassignment request, while she was still working in Korea, *id*. Under these circumstances, we find that the appellant has not presented nonfrivolous allegations that her 2005-2006 disclosures were a contributing factor in the 2015-2016 personnel actions.

<u>The appellant failed to present nonfrivolous allegations that her 2015 OSC complaint and Board appeal constituted protected whistleblowing activity that was a contributing factor to any personnel action at issue in this appeal.</u>

¶9    The administrative judge identified the appellant's protected activity that predated the disputed personnel actions at issue in this IRA appeal as including the appellant's first OSC complaint, OSC File No. MA-15-0932, closed in April 2015, and the appellant's first Board appeal, which she filed in May 2015. ID at 14-15. However, the administrative judge found that the appellant did not present any substantive allegations that these activities were a contributing factor to her 2015 nonselection, her 2016 denial of reassignment, or her 2016 reprimand. ID at 7, 13-16. He explained that the appellant presented nonfrivolous allegations that pertinent officials knew of the appellant's prior EEO activity, but not her whistleblowing activity. ID at 14-16.

¶10    On review, the appellant summarily states that she met the contributing factor requirement of her jurisdictional burden. PFR File, Tab 1 at 11. She does not elaborate. Instead, the appellant merely states that she "nonfrivolously pleaded all of her cases within her submissions to the Board." *Id*. Although we are unmoved by the appellant's conclusory assertion that she met her burden, we modify the administrative judge's contributing factor analysis.

¶11    The administrative judge relied on the knowledge/timing test, alone, to find that the appellant did not present nonfrivolous allegations for the contributing factor criterion regarding any of the three personnel actions at issue in this appeal, i.e., her 2015 nonselection, her 2016 denial of a reassignment request, and her 2016 reprimand. ID at 13-16. While doing so for the first of these personnel actions, the 2015 nonselection for a vacancy at Wassom Middle School in Fort Campbell, the administrative judge cited several pieces of evidence. ID at 15 (citing, *e.g.*, IAF, Tab 10 at 21; W-2 AF, Tab 17 at 7, Tab 22 at 4-5). This included the appellant's own pleadings, where she summarily stated that the selecting official knew of her whistleblowing, but referenced evidence showing

only that the selecting official knew of her EEO activity. IAF, Tab 10 at 21; W-2 AF Tab 22 at 4-5. Another piece of evidence the administrative judge cited was supplied by the agency. It was a declaration of an official responsible for the appellant's 2015 nonselection, stating that she did not know of the appellant's whistleblowing. W-2 AF, Tab 17 at 7. The administrative judge's analysis of the third personnel action is similar, citing the appellant's own pleadings but also a declaration submitted by the agency to conclude that the appellant failed to present nonfrivolous allegations for the contributing factor criterion. ID at 16 (citing IAF, Tab 9 at 24; W-2 AF, Tab 17 at 4-5).

¶12　　As mentioned above, an appellant makes a nonfrivolous allegation if she alleges "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami*, 979 F.3d at 1369. Stated another way, an appellant need only assert "allegations that are 'not vague, conclusory, or facially insufficient,' and that the appellant 'reasonably believe[s]' to be true." *Id.* at 1367 (quoting *Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017)).

¶13　　To the extent that the administrative judge may have erred by relying in part on the agency's evidence, we find that the error did not prejudice the appellant's substantive rights. The appellant's pleadings contain nothing more than conclusory, vague, and inconsistent allegations pertaining to the contributing factor criterion. It was, therefore, not necessary to rely on the agency's evidence. On their own, the appellant's pleadings do not contain nonfrivolous allegations that pertinent officials knew of her whistleblowing activity, i.e., her prior OSC complaint and Board appeal, at the time of the contested personnel actions, i.e., her 2015 nonselection, her 2016 denial of reassignment, or her 2016 reprimand.

¶14　　Looking past the knowledge/timing test and to the *Dorney* factors, we remained unmoved. The appellant has not clearly articulated any substantive and specific allegations that her protected activity was directed toward the officials responsible for the personnel actions at issue in this appeal or that those

individuals had a motive to retaliate against her based on the same, nor has she directed the Board's attention to any other circumstantial evidence that would support a finding that the protected activity was a contributing factor in those personnel actions. To illustrate, the appellant's narrative response to the administrative judge's jurisdictional order contains only conclusory assertions about the contributing factor criterion as to her alleged *disclosures*, along with various allegations about her prior EEO activity, but nothing pertaining to her whistleblowing activity, i.e., her prior OSC complaint and Board appeal. *E.g.*, IAF, Tab 9 at 3-6. The remainder of her pleadings mostly contain unexplained documentation, much of which involves her EEO activity or other matters, with their relevance to this IRA appeal not readily apparent, *e.g.*, IAF, Tabs 10-11; W-2 AF, Tabs 22-23, along with the appellant's insistence that she already met her burden, *e.g.*, W-2 AF, Tab 20 at 5.

¶15    In sum, the appellant has not presented the nonfrivolous allegations necessary to establish jurisdiction in this IRA appeal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.